UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

SIMON KATZ,

Defendant.

Case No. 21-cr-00310-JD-1

**ORDER RE TRIAL DATE AND REASSIGNMENT**

Defendant Simon Katz asks to vacate the jury trial date, which is set for July 13, 2026, and to assign this case to a new judge. Dkt. No. 334. The requests were filed by attorney Shawn Halbert, who previously represented Katz in this case, withdrew from representation before a trial date set in 2024, and has returned here as "specially appearing" for "this motion only." *Id*. at 1 n.1. Katz otherwise "remains unrepresented." *Id*.

The parties' familiarity with the record is assumed. The requests to continue the trial, and to reassign the case, are denied.

## BACKGROUND

The charges against Katz have now been pending for almost five years. Katz was originally indicted on October 27, 2021, in *United States v. Simon Katz*, Case No. 21-cr-414 (the '414 case). Katz was added to the superseding indictment in the present case, Case No. 21-cr-310 (the '310 case), on October 17, 2023. The case has traveled a long road, as this detailed chronology demonstrates:

'414 case:

- 10/27/2021: An indictment was filed against Simon Katz, alleging one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349, Dkt. No. 1.

- 11/10/2021:  An ID of Counsel hearing was held and attorney Shawn Halbert was added as Katz's retained attorney of record.  Dkt. No. 5.

- 11/15/2021:  At the initial appearance and arraignment, Katz pleaded not guilty, and the record indicates attorney Halbert again appeared as Katz's counsel, "special appearance."  Dkt. No. 7.

- 11/22/2021:  At a status conference before a magistrate judge, the minutes indicate that "Mr. Katz will not hire Ms. Halbert.  FPD office has a conflict.  The matter is continued to Nov. 23 to allow time to locate a CJA panel attorney to represent Mr. Katz."  Dkt. No. 8.

- 11/23/2021:  At another status conference before a magistrate judge, the minutes indicate that "Defendant does not qualify for appointment of counsel.  The matter is continued to allow time for Mr. Katz to retain counsel."  Dkt. No. 9.

- 12/15/2021:  A docket entry following another appearance before a magistrate judge states:  "Added attorney Randy Sue Pollock for Simon Katz.  Attorney Shawn Halbert terminated in case as to Simon Katz."  Dkt. No. 10.

- 1/20/2022:  The '414 case was ordered related to the '310 case, and was reassigned to the undersigned.  Dkt. Nos. 18, 19.

- 5/19/2022:  Attorney Halbert filed a notice of appearance and substitution of counsel, substituting in as counsel for Katz in place of attorney Pollock.  Dkt. No. 38.

- 3/27/2023:  After a number of continuance requests were granted, Dkt. Nos. 41, 44, 46, 48, the Court held a status conference for both the '414 case and the '310 case.[1] The parties agreed that they expected the cases to be resolved by plea agreements for both Simon and Veronica Katz, and so another hearing was set for May 1, 2023, for either change of plea or trial setting.  For the latter, the Court advised the parties that "[t]rial will be in the fall.  So just be aware of that, okay?"  Dkt. No. 66 at 5:9-12.  The Court further stated, "[i]f we end up setting a date, it will probably be sometime in late September, early October."  *Id*. at 5:14-15.  Ms. Halbert was present as Mr. Katz's attorney and did not voice any objections in this proceeding.  *See id*.

- 5/1/2023:  Defendants did not change their pleas, and the Court held a trial setting hearing.  Both cases were set for trial on August 21, 2023, in light of another trial on the Court's calendar for the fall.  Dkt. Nos. 51, 67.

- Following this hearing, on June 9, 2023, attorney Halbert filed a motion to continue the trial date, or in the alternative, to reassign the case to another district court for a trial date in the fall of 2023.  Dkt. No. 52.  The basis of counsel's request was a pre-planned international trip.  Dkt. No. 52-1 ¶ 4.  In response, the Court vacated the August 21, 2023, trial date.  Dkt. No. 53.

- 10/27/2023:  On the government's motion, Dkt. No. 58, the indictment against Simon Katz was dismissed.  Dkt. No. 62.  At the time of the dismissal, Katz had been added as a defendant in the '310 case, in the superseding indictment filed in that case on 10/17/2023.

---

[1] The sole defendant proceeding in the '310 case at the time was Simon Katz's wife, Veronica Katz, as her co-defendant, Vanessa Herrera, had pleaded guilty.

'310 case:

- 10/26/2023:  Katz was arraigned on Counts 1, 12-16 in the superseding indictment, with attorney Halbert again "specially appearing" on his behalf.  Dkt. No. 110.

- On January 16, 2024, attorney Halbert filed a motion to suppress and motion to dismiss for Katz.  Dkt. Nos. 120, 122.  On February 5, 2024, attorney Halbert requested one-week continuances of her reply brief filing deadline, which the Court granted.  Dkt. Nos. 134, 135, 137.  On February 26, 2024, attorney Halbert filed a stipulated request to continue the March 4, 2024, motion hearings in light of her unavailability.  Dkt. No. 142.  The Court granted a continuance to May 20, 2024.  Dkt. No. 143.  On May 14, 2024, attorney Halbert requested another stipulated continuance in light of a scheduling conflict she had, Dkt. No. 153, which the Court again granted, continuing the motion hearing to June 10, 2024.  Dkt. No. 155.

- On June 10, 2024, attorney Halbert filed another request for continuance, explaining that she had "suddenly became unavailable" because of proceedings in another case she was handling for another client.  Dkt. No. 158.  At the status conference (at which another attorney specially appeared for Katz in attorney Halbert's stead), the Court continued the hearings to August 19, 2024, and set a trial setting hearing to be held at the same time.  Dkt. No. 160.

- 8/19/2024:  At the trial setting hearing, the Court set a new trial date of December 2, 2024.  Dkt. No. 165.  On September 9, 2024, the Court denied Katz's motion to suppress and motion to dismiss.  Dkt. No. 170.

- On October 9, 2024, attorney Halbert filed a motion to withdraw "because counsel's retainer agreement with Mr. Katz never included retention or payment for trial, counsel has not been retained for trial, and Mr. Katz intends to obtain different counsel for trial."  Dkt. No. 174.  On October 28, 2024, the Court granted the withdrawal request over the government's objection.  Dkt. No. 178.  The Court further directed defendant Katz to file "by November 4, 2024, a declaration stating in detail all the steps he has taken since August 2024 to obtain new counsel.  The declaration should identify the names of all prospective counsel, and all relevant dates."  *Id*.  Katz was advised that "[t]rial will remain set for December 2, 2024, pending consideration of why Katz has been unable to find replacement counsel."  *Id*.

- At a status conference on November 7, 2024, Katz appeared with new counsel, attorney Valery Nechay.  Dkt. No. 184.  The parties were directed to "file by November 15, 2024, a joint statement proposing two dates after May 1, 2025, for a jury trial."  *Id*.

- The parties jointly requested that the trial be continued to May 6 or May 13, 2025.  Dkt. No. 185.  On November 25, 2024, the Court re-set the trial for May 12, 2025.  Dkt. No. 186.

- On March 5, 2025, attorney Nechay filed under seal a motion to continue the trial and to withdraw from Katz's representation.  Dkt. No. 205.  On March 26, 2025, Katz was found to be eligible for appointment of counsel under the Criminal Justice Act, with partial payments of $3,000 per month due as payment towards the cost of representation.  Dkt. No. 213.  On April 7, 2025, in a sealed session, the Court granted attorney Nechay's request to withdraw as counsel for defendant Katz, with Katz's consent.  Dkt. No. 220.  A status conference was set for April 14, 2025, with respect to appointment of new counsel.  *Id*.

3

- On April 14, 2025, "defendant Katz state[d] that he declined the appointment of a CJA attorney." Dkt. No. 221. The Court ordered the jury trial continued to November 3, 2025. Katz was advised that "[n]o further continuances will be granted in connection with [his] attorney representation." *Id*.

- On April 28, 2025, the Court noted that attorney Charles Woodson had been appointed as Katz's CJA attorney. Dkt. No. 228. The parties and attorney Nechay were directed to promptly transfer all discovery and defendant's case materials to attorney Woodson. *Id*.

- On May 12, 2025, the Court "held a sealed hearing outside the presence of the government on defendant Katz's suggestion of a conflict with counsel. After hearing from defendant and his attorney, no conflict warranting a change of counsel was established, and defendant will proceed with his appointed lawyer. The Court advised defendant of the risks and likely poor outcome of electing to proceed pro se at trial." Dkt. No. 229.

- On August 22, 2025, attorney Woodson filed a motion seeking a "6-month continuance of the November 3, 2025 trial date based on counsel's inability to effectively prepare for trial given the July 3, 2025 depletion of CJA funding." Dkt. No. 248. Again, over the government's objection, Dkt. No. 249, the Court granted the continuance request, resetting the trial date to March 9, 2026. Dkt. No. 251.

- On October 28, 2025, a magistrate judge issued an order setting a payment schedule for Katz to pay the $18,000.00 in overdue payments for his representation by CJA counsel. Dkt. No. 270. On November 10, 2025, the magistrate judge directed Katz to file an updated financial affidavit. Dkt. No. 271. After reviewing the updated affidavit, on November 24, 2025, the magistrate judge found that Katz no longer qualifies for CJA counsel and revoked the appointment of attorney Woodson, effective January 31, 2026. Dkt. No. 283.

- On January 20, 2026, Katz, through attorney Woodson, filed a notice of intent to request to vacate or continue his trial scheduled for March 9, 2026. Dkt. No. 296. Woodson explained that Katz had "requested undersigned counsel to file a motion to vacate or continue his currently scheduled trial because he has not been able to retain counsel of his choice. As the Court, the government, and Mr. Katz are aware, undersigned counsel will cease representation of Mr. Katz on January 31, 2026 because the Court found Mr. Katz no longer qualifies for CJA counsel." *Id*.

- On January 30, 2026, and February 13, 2026, Katz represented to two different magistrate judges that he "has identified counsel and is finalizing agreement," Dkt. No. 303, and that he has "not secured counsel" but "he's close." Dkt. No. 304. Katz was advised on February 13, 2026, that he "must make a choice: hire a lawyer or decide to represent himself." *Id*.

- Katz appeared before the Court for a status conference on February 26, 2026. Dkt. No. 310. The minute entry reflects: "Defendant Katz appeared without counsel. To accommodate the representation situation, the jury trial is continued to July 13, 2026, at 9:00 a.m. in Courtroom 11. A pretrial conference is set for June 25, 2026, at 1:30 p.m. This is the third or fourth occasion on which Katz has requested and obtained a continuation of the trial date for ostensible representation issues. The record demonstrates a clear pattern of multiple requests to delay trial on the ground that Katz's attorney has withdrawn or is unavailable. The requests were typically made shortly before trial. Katz is advised that trial will be held in July 2026 irrespective of his counsel situation. No further continuances will be granted on this basis." *Id*.

4

- On May 19, 2026, attorney Halbert, once again "specially appearing" for Katz, filed the instant motion to vacate the July 13, 2026 trial date. Dkt. No. 334.

- The government has requested that the Court set a pretrial schedule so that trial preparations can proceed apace for a jury trial beginning on July 13, 2026. Dkt. No. 336.

**DISCUSSION**

## I.    THE TRIAL DATE

Katz says that the Court should have "vacat[ed] the March 2026 trial date or at least indicat[ed] that the next set trial date was flexible based on the availability of new counsel." Dkt. No. 334 at 6. He also says that "[r]equiring [him] to represent himself at trial (or with 'shadow counsel' not of his choice), when he simply seeks to retain new counsel unconstrained by a prescheduled trial date with inadequate preparation time, violates Mr. Katz's Sixth Amendment right to counsel of his choice." *Id*. Katz suggests he should be permitted "to go to trial in a way that is consistent with his Sixth Amendment rights by vacating the current trial date and requiring Mr. Katz to appear with trial counsel by June 29, 2026 for motions and trial setting." *Id*.

If this were Katz's first or even second request to find a new lawyer and delay trial, these comments might have some force. But the present requests come after multiple continuances of the trial date and changes of counsel, all of which were granted at Katz's urging. Katz says he is in a bind to find "reputable" counsel willing to do a trial on July 13, 2026, *id*. at 6, but Katz has known since November 24, 2025, that his most recent CJA counsel's representation would end as of January 31, 2026. *See* Dkt. No. 283. At that time, the trial date was set for March 9, 2026. The record of prior continuances indicated that another reasonable request would almost certainly have been accommodated. Even so, Katz provided no evidence that he had taken any steps to retain a new lawyer, and instead, on January 20, 2026, Katz's CJA counsel, attorney Woodson, filed a notice of intent to request to vacate or continue the March trial. On February 26, 2026, 93 days after he received notice of a need to hire new counsel, Katz appeared without a lawyer. After many continuances were granted in this rapidly aging case, the Court advised Katz that trial would go forward in July 2026 irrespective of his counsel situation. Dkt. No. 310. It bears mention that even now, Katz again provided no evidence demonstrating what he has done since November 24, 2025, to retain a new lawyer. *See* Dkt. No. 334.

5

Consequently, Katz's suggestion that his Sixth Amendment rights are in jeopardy without yet another continuance is poorly taken. "When a decision to grant or deny a continuance implicates a defendant's Sixth Amendment right to counsel, a court must balance several factors to determine if the denial was 'fair and reasonable.'" *United States v. Thompson*, 587 F.3d 1165, 1174 (9th Cir. 2009) (internal quotation marks and citation omitted). The factors include: "[1] whether the continuance would inconvenience witnesses, the court, counsel, or the parties; [2] whether other continuances have been granted; [3] whether legitimate reasons exist for the delay; [4] whether the delay is the defendant's fault; and [5] whether a denial would prejudice the defendant." *Id*.

All of these factors warrant the denial of a further continuance. The case against Katz started in 2021 and is based on events that occurred in 2018 and 2019. The repeated rounds of continuances have already inconvenienced witnesses, the Court, government counsel, and the United States. *See* Dkt. No. 297 at 8-9; Dkt. No. 341 at 8. Another continuance would again upset witnesses' schedules, as wells as counsel's and the Court's. There is also the very real problem of fading memories and stale evidence as the start of trial has been pushed back over the years. The government is fair to suggest that it may face undue challenges to prove up a case where the criminal conduct is "now more than five years old." Dkt. No. 297 at 8.

For the second factor, many continuances have been granted. The trial date was (1) initially set for August 21, 2023; (2) vacated at defense counsel's request and reset for December 2, 2024; (3) continued to May 12, 2025, after defense counsel withdrew and new counsel appeared less than a month before trial; (4) continued to November 3, 2025, when defense counsel again withdrew about a month before trial; (5) continued to March 9, 2026, in light of the depletion of CJA funding; and (6) continued again to July 13, 2026, in order to accommodate Katz's lack of representation, even though Katz had from November 24, 2025, to locate a new lawyer. This is not a case in which the Court has insisted upon "expeditiousness in the face of a justifiable request for delay," *United States v. Turner*, 897 F.3d 1084, 1102 (9th Cir. 2018) (quotations omitted), but rather one in which the Court has granted every continuance of the trial date that has been requested until now.

For the third factor, Katz has offered no legitimate reason for further delay. He did not present any evidence of diligence or effort in retaining a new lawyer despite ample understanding of his need to do so. He also did not proffer any evidence to the effect that the July 2026 trial date has actually impeded his ability to hire an attorney.

For the fourth factor, the Court "reasonably conclude[s] that [Katz] was at fault for the delays." *Id*. at 1102. The majority of the five continuances have been at Katz's request, and the Court has reasonably found that Katz has engaged in a pattern of last-minute changes in representation and eleventh-hour requests for continuances.

For the fifth factor, Katz has made no factual showing of prejudice. This is all the more true because Katz's motion was filed by the same attorney who previously represented that she would be ready to take this case to trial in the fall of 2023.

Katz has been advised since at least April 2025 that further continuances of the trial date would not be granted in connection with his attorney representation situation, and cautioned since at least May 2025 about the risks and likely poor outcome of electing to proceed pro se at trial. Nevertheless, a year later, Katz claims he has no lawyer retained for trial and he seeks yet another continuance of the trial date. The Court declines to grant one, and the trial will go forward on July 13, 2026.

## II.    REASSIGNMENT

Katz requests reassignment under 28 U.S.C. § 144 because "there is evidence in the record that gives rise to the appearance of bias." Dkt. No. 334 at 6.

Not so. As Section 144 states, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." The judge to whom the motion is directed is to determine in the first instance whether there is a "timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980); *see also Nat'l Abortion Federation v. Center for Medical Progress*, 257 F. Supp. 3d 1084, 1088 (N.D. Cal. 2017). The test for personal bias or prejudice is "an objective one and asks 'whether a

reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Nat'l Abortion Federation*, 257 F. Supp. 3d at 1089 (quoting *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)). "The 'reasonable person' for this inquiry is not 'someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer.'" *Id*. (quotation marks and citation omitted).

Katz's reassignment request falls well short of crossing these thresholds. To start, Katz did not file a "timely and sufficient affidavit." There is an unsigned and threadbare declaration by "specially appearing" attorney Halbert, which was filed almost a year and a half after her representation of Katz ended. *See* Dkt. No. 334-1. This lack of timely and sufficient party affidavit alone supports the denial of attorney Halbert's reassignment request.

Even if statements in the brief for reassignment were credited purely for the sake of discussion, sending this long-running prosecution to a new judge would be unwarranted and unwise at this late date. Attorney Halbert says that she told the government in October 2024 that "[the reason I will not be representing Mr. Katz at trial] is because [of] the way Judge Donato has spoken to me at our court appearances." Dkt. No. 334 at 14. She says that she was his "choice of trial counsel" in 2023 but that her dynamic with the Court is the reason Katz "wanted a change between the beginning of 2024" and October 2024. *Id*. at 14-15.

This is an odd proposition for reassignment. To start, it collides with the facts in the record. As discussed, attorney Halbert entered her first appearance for Katz as a "special appearance." '414 case, Dkt. No. 6. The minutes indicated that Katz "will not hire Ms. Halbert." Dkt. No. 7. Katz hired a different attorney, only to have attorney Halbert come into the case in May 2022. Dkt. No. 38. Even after that, Halbert continued to "specially appear" for Katz as late as October 2023. '310 case, Dkt. No. 110. This is not at all a circumstance in which an attorney was full speed ahead but for her interactions with the Court, as Katz would have it.

In addition, attorney Halbert's concerns about her interactions with the Court are misdirected. The plain text of Section 144 does not speak to an alleged bias or prejudice against a party's attorney. Even if it did, attorney Halbert has identified none. In making a determination about impartiality, a reasonable person would examine the record as a whole. As the case

United States District Court
Northern District of California

United States District Court
Northern District of California

chronology and the overall dockets amply demonstrate, the Court has granted virtually every single request for a continuance and other accommodation that attorney Halbert has sought, including those that were made on the day of the hearing. *See* '310 case, Dkt. No. 158 (request filed on June 10, 2024, for continuance of hearing the same day in light of sudden unavailability); Dkt. No. 160 (continuing hearing to August 19, 2024).

Consequently, no reasonable or thoughtful person could conclude that the Court has pre-judged the merits of the charges against Katz, or lacks impartiality with respect to his guilt or innocence for the offenses charged against him. The jury, not the Court, will decide whether the government has carried its burden of proving Katz's guilt beyond a reasonable doubt. The Court will continue to ensure, as it has from day one of this prosecution, that Katz's trial is fair and that he enjoys all the rights he is due under our Constitution.

Neither Katz nor his specially appearing attorney has presented a "legitimate reason to recuse," or overcome the Court's "duty to sit" in this case. *United States v. Tetra Tech EC, Inc.*, No. 13-cv-03835-JD, 2019 WL 7938508, at *3 (N.D. Cal. Oct. 25, 2019) (quoting *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005)). Reassignment is denied.

## CONCLUSION

Trial remains set for July 13, 2026. The Court will issue a pretrial order.

**IT IS SO ORDERED.**

Dated: May 27, 2026

_____
JAMES DONATO
United States District Judge