UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

SIMON KATZ,

Defendant.

Case No.  21-cr-00310-JD-3

**PRETRIAL ORDER**

As discussed at the final pretrial conference on June 25, 2026, this order governs the jury trial beginning on July 13, 2026.

## I.   UNITED STATES' MOTIONS IN LIMINE (DKT. NO. 351)

1. **MIL No. 1:  GRANTED** to preclude defense from offering evidence of any legitimate medical billing or other alleged good conduct as a defense.  Defendant Katz has confirmed that he will not present a defense that HealthNow did not commit fraud because it also provided legitimate services.  Dkt. No. 356 at 2.

2. **MIL No. 2:  GRANTED IN PRINCIPLE** to preclude defense from blaming Medicare or other insurance providers for Katz's fraud.  Katz agrees that he "will not argue that a victim's negligence is a defense to a charge." Dkt. No. 356 at 3 n.2.

3. **MIL No. 3:  GRANTED** to prohibit the defense from referencing punishment or conviction consequences, or attempt to elicit jury sympathy or nullification.  Katz agrees he "should not reference punishment or conviction consequences in order to attempt to elicit jury sympathy or nullification."  Dkt. No. 356 at 4.

4. **MIL No. 4:  GRANTED** to prohibit "others did it, too" argument and evidence.  Katz agrees that it is "not a valid defense to say that others did it too." Dkt. No. 356 at 5.

United States District Court
Northern District of California

5. **MIL No. 5:  GRANTED IN PRINCIPLE** to bar defense from offering evidence that could have been, but was not, produced in discovery.  Katz will disclose to the government by July 6, 2026, the documents and witnesses he intends to present in his case-in-chief at trial.

6. **MIL No. 6:  GRANTED IN PRINCIPLE** to bar Katz from offering portions of his own out-of-court statements.  The Court will take up the admissibility of specific out-of-court statements as they come up at trial.

7. **MIL No. 7:  GRANTED IN PRINCIPLE** to permit the United States to offer Katz's co-conspirator statements pursuant to FRE 801(d)(2)(E), subject to the government laying a foundation that the rule's requirements are satisfied.

8. **MIL No. 8:  DEFERRED TO TRIAL.**  The Court will take up on a case-by-case basis whether any proffered recordings of the co-conspirators' conversations are authentic, relevant, and admissible.  The parties are encouraged to work out authenticity issues to the fullest extent possible.

9. **MIL No. 9:  DEFERRED TO TRIAL.**  The Court will take up the admissibility of business and public records on a record-by-record basis.

10. **MIL No. 10:  DENIED.**  The government will be limited to one party representative as provided by FRE 615(a).  The party representative need not be the same individual agent throughout the entire trial and the government may substitute its representative with different agents as needed.

## II.  KATZ'S MOTIONS IN LIMINE (DKT. NO. 352)

1. **MIL No. 1:  GRANTED IN PRINCIPLE** to exclude all evidence that has not been produced to the defense, or in the alternative, to order the government to produce.  The government represented that it "will send the defense any electronic copies it is making of physical evidence it intends to use at trial."  Dkt. No. 359 at 3.  The government was directed to produce those electronic copies in readable form to the defense by June 29, 2026.

United States District Court
Northern District of California

2.  **MIL No. 2:  DENIED IN PRINCIPLE.**  The request to exclude on a wholesale basis any references to and photographs of cash seized at 23 Pinnacle Court during execution of the search warrant in November 2020 is denied, but the government will be required to lay a foundation as to relevance before any such evidence is admitted at trial.

3.  **MIL No. 3:  RESOLVED** by the parties as stated on the record.

4.  **MIL No. 4:  RESOLVED** by the parties as stated in the United States' brief, Dkt. No. 359 at 6-9, and confirmed on the record.  For Exhibit 67, the government was to identify for the defense by June 29, 2026, the specific portions of the text file that it intends to offer at trial.

5.  **MIL No. 5:  DENIED IN PRINCIPLE.**  For bank records (Exhibit 57) and the proffered related testimony of IRS Agent Adam Gray, the Court declines a wholesale exclusion.  The government will be required to lay an adequate foundation at trial.

6.  **MIL No. 6:  DENIED.**  For the government's witnesses, the defense has been provided with adequate notice, and the government need not provide summaries of anticipated testimony with a greater degree of specificity.

## III. SCHEDULE

1.  Trial will begin on Monday, July 13, 2026, and will be held on Monday, Tuesday, and Wednesday of that week.  Thursday (July 16) and Friday (July 17) will be dark.

2.  For the second week of trial and beyond, trial days will be Monday through Thursday. Fridays are generally reserved for the Court's other matters, but may be used here if the case is ready for closings, the jury is deliberating, or the parties and the Court otherwise agree.

3.  Trial will be held each trial day from 9:00 a.m. to approximately 3:00 p.m., with two 20-minute breaks.

## IV. **VOIR DIRE AND JURY SELECTION**

1.  The Court will seat 14 jurors for the trial, including 2 alternates.  The identity of the alternates will not be disclosed to the jury.

United States District Court
Northern District of California

2. The Court will conduct the voir dire based on the questions proposed by the parties and the Court's own questions and practices.

3. The Court will use the "strike and replace" method for jury selection. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged.

4. Jury selection is likely to be completed on the first day of trial. The parties must be prepared to open and begin presenting witnesses on July 13, 2026.

## V. JURY MATERIALS AND OTHER TRIAL PROCEDURES

1. **Jury notebooks**. Jurors will be permitted to take notes. The parties have agreed to prepare jury notebooks and bring 15 copies on the first day of trial. The notebooks should be in the form of 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and should include these materials:

   a. 50 pages of blank, college-lined paper.

   b. A tab for witness photos. The jury will be provided with a color photo (a headshot) of each witness just before that witness takes the stand. The party calling the witness will provide the Courtroom Deputy with 15 three-hole punched, letter-sized copies of each photo. The Courtroom Deputy will distribute the photos to the jury. The witness must appear exactly the same in the photo as they will appear on the witness stand (e.g., same clothing, hairstyle, eyewear). The photo will include the witness's name, but no other information.

   c. Tabs for the preliminary and final jury instructions, which the Court will distribute.

2. **Sidebars**. There will be no attorney-initiated sidebars during trial.

3. **Motions**. No motions may be filed during trial without prior leave of the Court.

4. **Objections**. Counsel must stand to state any objections, and should do so by simply stating the rule that forms the basis of the objection. No arguments or elaborations should be made unless called for by the Court.

5. **Witness Call**. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be

United States District Court
Northern District of California

prepared to proceed with the evidence will usually constitute resting.

6. **Witness Disclosure**. Unless the parties agree otherwise, a party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- 48 hours in advance of calling the witness to the stand. Any party that has an objection must alert the Court as soon as possible, and the Court will take up the objection outside the presence of the jury.

7. **Witnesses Excluded from Courtroom**. Pursuant to FRE 615, all witnesses are ordered excluded from the courtroom so that they cannot hear other witnesses' testimony. This exclusion order does not apply to party representatives. FRE 615(b).

8. **Presentation of Witnesses**. Witnesses should be put on the witness stand only once. For example, if the government calls a witness whom the defense also intends to call, then the defense's direct examination of the witness will follow the government's examination of the witness.

9. **Exhibits and Witness Binders**. Exhibits should be prepared on a witness-by-witness basis. The parties are directed to prepare witness binders that include those exhibits that will be offered into evidence during that witness's testimony. Three copies of each witness binder should be handed to Ms. Clark at the start of each witness's testimony. No other copies of trial exhibits need be prepared or submitted to the Court.

10. **Evidence at trial**. The parties may offer evidence via an Elmo projector or in the form of large poster boards, but the Court advises the parties that all admitted trial exhibits will be made available to the jury in electronic format for their deliberations.

11. **Opening demonstratives**. If the parties wish to use demonstratives during their opening statements, they are directed to disclose them to the other side by July 9, 2026, unless they agree to a different schedule. Any objections will be taken up outside the presence of the jury.

## VI. OTHER

1. **Jury Questionnaires Conference**. A remote conference will be held on July 9, 2026, at 1:30 p.m. to discuss those potential jurors who should be excused based on their

responses to the District's standard jury questionnaire. The Zoom information for the conference and the completed questionnaires will be circulated to counsel by email in advance of the conference.

2. **Technology**. The parties are advised to work out a time with Ms. Clark to set up and test their technology for trial in advance of the first day of trial.

**IT IS SO ORDERED.**

Dated: June 30, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

6