UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

SIMON KATZ,

        Defendant.

Case No.  21-cr-00310-JD-1

**ORDER RE REQUEST FOR
DISMISSAL AND OTHER RELIEF**

A jury trial in this case is scheduled to start on July 13, 2026.  Defendant Katz asks to dismiss the indictment and for other relief on the suggestion that the government has engaged in "illegal conduct" or the "willful disobedience of law" in its discovery conduct.  Dkt. No. 368 at 2. Dismissal and all other relief are denied, with the exception of a brief extension of the pretrial disclosures deadline, as discussed below.

Katz did not identify any instance that might indicate the government violated Federal Rule of Criminal Procedure 16(a), which requires, inter alia, that the government, upon a defendant's request, "must permit the defendant to inspect and to copy or photograph" documents and objects that fall within the scope of Rule 16(a)(1)(E).  Katz acknowledges that the government has complied with its obligation to permit inspection and copying, *see*, *e.g.*, Dkt. No. 368-1 ¶ 4, and has additionally made numerous productions throughout this case.  *See* Dkt. No. 368.  Katz did not contend that the government failed to comply with its obligations under *Brady v. Maryland,* 373 U.S. 83 (1963), or other controlling precedent or court order.

Overall, Katz did not present any good reason to terminate this case.  Katz's counsel suggests that the government did not to live up to her perceived norms of "standard practice" and

United States District Court
Northern District of California

"federal practice in this district for at least the past fifteen years." Dkt. No. 368 at 3, 5. But that perception is hardly grounds for the extraordinary remedy of a dismissal of the indictment.

For Katz's alternative request for an order excluding evidence, the Court has already ordered as presumptively excluded from the upcoming trial any evidence that was not disclosed to the defense. *See* Dkt. No. 367 at 2 (granting in principle Katz's Motion in Limine No. 1).

The request for a continuance of the trial is denied. The Court detailed in a prior order the long record of continuances that have been granted, and the reasons why yet another continuance is not warranted. *See* Dkt. No. 342. Katz did not present a reason to revisit that determination. A further continuance is especially unwarranted given that Katz is now represented by the attorney who presented that request, and who was involved in this case since its inception and previously represented to the Court that she would be ready to take this case to trial in the fall of 2023. *See id*.

Katz's request for relief from the July 6 deadline for pretrial disclosures is granted. Katz will disclose to the government by 9:00 a.m. on July 9, 2026, the documents and witnesses he intends to present in his case-in-chief at trial.

**IT IS SO ORDERED.**

Dated:  July 2, 2026

_____
JAMES DONATO
United States District Judge